## HOVANEC, Plaintiff-Appellant, v. ONDAK, Admr., et, Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23333. Decided March 1, 1955.

Feighan & Feighan, Cleveland, for plaintiff-appellant.
I. Greenwald and M. S. Grossman, Cleveland, for defendant-appellee.

(DOYLE, PJ, HUNSICKER, J, of Ninth District; MIDDLETON, J, of Third District sitting by designation.)

### OPINION

By HUNSICKER, J:

The plaintiff-appellant, Anna V. Hovanec, and the defendant-appellee, Elizabeth Ondak, are sisters. The mother of the parties herein died. Anna Hovanec arranged for the funeral services, and, in doing so, she incurred large burial expenses. Elizabeth Ondak, as administratrix w. w. a., of the estate of Elizabeth Emerich, the mother, refused to acknowledge the indebtedness which Anna Hovanec created. An action was then filed in the Municipal Court of Cleveland, Ohio, by Anna V. Hovanec, in which she sought to recover from the estate of her mother, the money she claimed to have expended for the funeral.

The administratrix, Elizabeth Ondak, by way of answer, admitted that

her sister, Anna V. Hovanec, arranged for the funeral of their mother, and that she expended certain sums in furtherance of such funeral, and the expense of the last illness, but denies that the sum of $1,240.07 was paid to the Sepsi Funeral Home for funeral and related expenses. The administratrix also denies that the sum paid to the Sepsi Funeral Home was reasonable and necessary for the burial of the mother, and denies that such sum was paid with the expectation that Anna V. Hovanec would be reimbursed in full therefor.

Elizabeth Ondak, by way of further answer, said that if any or all of the funeral expenses was paid by her sister, it was paid from the proceeds of an insurance policy on the life of the mother in which Anna V. Hovanec was the beneficiary under an oral agreement that such proceeds were to be used for the purpose of burial of the decedent. The administratrix, Elizabeth Ondak, also alleges that there was a savings account, that this account was the property of the mother, but that by an oral agreement with Anna V. Hovanec, it was made a joint and survivorship account between Anna and her mother, with the express oral agreement that Anna would use this account for the benefit of the mother to pay her debts and to pay the expense of her mother's funeral when death occurred.

A reply in the form of a general denial was filed by Anna V. Hovanec and, on the issues so made, a trial to a jury was had. A general verdict with judgment thereon was awarded to the administratrix, the defendant appellee. From this judgment an appeal on questions of law is before this court for review. The bill of exceptions herein is in narrative form and regularly approved by the trial court.

Anna V. Hovanec says that:

"1. The trial court erred in admitting evidence that the plaintiff received the proceeds of her joint and survivorship bank account with the decedent and a policy of insurance on the decedent's life.

"2. The trial court erred in admitting a mass of evidence which was wholly immaterial to the issues presented, but was calculated to and did prejudice the jury against the plaintiff, arouse sympathy for the defendant, and divert the jury's attention from the real issues.

"3. The trial court erred in discharging the jury without requiring it to answer the plaintiff's interrogatory.

"4. The judgment of the court was against the manifest weight of the evidence."

We shall consider the claimed errors in the order set out by the appellant herein.

As to assignment of error No. 1 we find that:

Elizabeth Ondak, the administratrix, alleged in her answer that the bank account and the proceeds of the life insurance policy were given to her sister, Anna, for the express purpose of paying the funeral expenses. This allegation was denied in the reply. It is therefore difficult to understand how it can be claimed that evidence on this point is prejudicial to the appellant. We think evidence introduced on this feature of the case was proper.

As to assignment of error No. 2, we find that there was admitted in evidence a great amount of wholly unnecesary matters not competent

in a determination of the issues in this case. The fact that the decedent conveyed her house to Anna V. Hovanec was not competent and should not have been admitted. The bank ledger was not proper evidence, except as to that portion which showed the withdrawals therefrom immediately before and immediately after the death of Mrs. Emerich. The trial court erred in admitting evidence as to the removal of the plaintiff-appellant as executrix of her mother's will and in admitting the entire file of the Probate Court as an exhibit herein. The trial court erred in permitting oral argument to the jury concerning these improper matters.

We do not find that it was error to admit evidence that the plaintiff-appellant, Anna V. Hovanec, filed a claim for the amount sought herein and other sums since the fact of the claim and rejection is alleged by plaintiff-appellant in her petition and admitted by the defendant-appellee. It was not error to show that in such a claim she asked for more than the amount sought in the instant action.

As to assignment of error No. 3, it is not necessary that a jury answer interrogatories which call for a purely evidentiary or probative fact. It is only required to answer questions of an ultimate and determinative character. **McFadden v. Thomas, Admrx., et al, 154 Oh St 405; Bradley v. Mansfield Rapid Transit Inc., 154 Oh St 154.**

The interrogatory in the instant case should not have been submitted to the jury, and it was not error to refuse the request that the jury be compelled to answer it.

As to assignment of error No. 4, we do not find by a unanimous vote of this court that the judgment is against the manifest weight of the evidence.

We do determine, however, that the errors in the admission of evidence, as pointed out above, were prejudicial to the substantial rights of the appellant, Anna V. Hovanec.

"'* * * error in the admission of evidence is ground for reversal, if the evidence is of such importance that it must have affected the verdict; if it was calculated to prejudice the jury against the unsuccessful party, to arouse sympathy for the successful party, or to divert attention from the real issue; or if there is any reason to apprehend that it may have influenced the jury in any way, unless it appears affirmatively that the defeated party was not prejudiced thereby.'

**4 O. Jur. 2d.,** Appellate Review, **Sec. 871, at p. 86** and authorities there cited.

It is difficult, in a narrative bill of exceptions, to apprehend the actual setting in which the improper evidence was admitted but where it is clearly shown that the evidence so submitted to the jury may reasonably have influenced the jury, a reviewing court should reverse the judgment and remand the case for a new trial.

"Courts will not reverse a judgment merely because improper or irrelevant testimony has been received, if there is no reason to apprehend that the improper or irrelevant testimony could have had any influence upon the jury. Badington v. Shearer, 22 Pick, 427; Ellis v Short, 21 Pick, 142. But if there is any reason to apprehend that it may have had such influence, courts should do so * * *."

Wilson & Co. v. Barkalow, et al, 11 Oh St 470 at p. 475.

It is the judgment of this court that the admission of the improper evidence set out above, did affect the substantial rights of the appellant, and that the error thus established prevented Anna V. Hovanec from having a fair trial.

The judgment is reversed and the cause remanded to the Municipal Court of Cleveland for further proceedings. Exceptions noted. Order see journal.

DOYLE, PJ, MIDDLETON, J, concur.